IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LATASHA LOGAN-JOHNSON
*On behalf of*
K.L.J., A MINOR                                                                                            PLAINTIFF

vs.                                    Civil No. 2:13-cv-02119

CAROLYN COLVIN                                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Latasha Logan-Johnson ("Plaintiff") brings this action on behalf of K.L.J., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying K.L.J.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed an SSI application on behalf of K.L.J. on May 7, 2010.  (Tr. 14, 127-130).  Plaintiff alleged K.L.J. was disabled due to asthma, leg pain, migraines, depression, anxiety, and gastric reflux.  (Tr. 168).  Plaintiff alleged K.L.J.'s onset date was March 1, 2003.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

168). This application was denied initially and again upon reconsideration. (Tr. 14).

Thereafter, Plaintiff requested an administrative hearing on K.L.J.'s application, and this hearing request was granted. (Tr. 100). An administrative hearing was held on May 19, 2011 in Fort Smith, Arkansas. (Tr. 34-82). Plaintiff was present at the hearing, and was represented by counsel, Davis Duty. *Id.* K.L.J. and Plaintiff testified at the hearing. *Id.* During that hearing, K.L.J. testified she was born on December 29, 2000 and was ten years old as of the date of the hearing. *Id.*

On August 31, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of K.L.J. (Tr. 14-29). In this decision, the ALJ determined K.L.J. had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 17, Finding 2). The ALJ determined K.L.J. had severe impairments of asthma, migraine headaches, PTSD, and obsessive compulsive disorder. (Tr. 17, Finding 3). The ALJ also determined, however, that none of K.L.J.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17, Finding 4).

In assessing whether K.L.J.'s impairments were functionally equivalent to a Listing, the ALJ assessed six domains of functioning. (Tr. 18-28). Specifically, the ALJ determined K.L.J. had the following limitations in the six domains of functioning: (1) less than a marked limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) less than a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitations in caring for oneself; and (6) less than a marked limitation in health and physical well-being. (Tr. 23-28). Based upon these findings, the ALJ determined K.L.J. had not been under a disability, as defined by the Act, at any time through the date of his decision. (Tr. 28, Finding 6).

2

Thereafter, on November 2, 2011, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-10). *See* 20 C.F.R. § 404.968. On February 26, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 2, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 3, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

3

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2010, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

4

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

In her appeal brief, Plaintiff alleges (1) the ALJ failed to correctly determine K.L.J.'s severe impairments, and (2) K.L.J. has a marked limitation in at least two domains of functioning or an extreme limitation in at least one domain of functioning such that K.L.J.'s impairments are functionally equivalent to a Listing. ECF No. 12. In response, Defendant claims the ALJ properly determined K.L.J.'s severe impairments and that her impairments were not functionally equivalent

to any of the Listings. ECF No. 13.

### A. Severe Impairments

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment impacts the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

According to Plaintiff, the ALJ erred when he failed to find K.L.J's alleged obesity as a severe impairment. The ALJ found K.L.J.'s severe impairments were asthma, migraine headaches, PTSD, and obsessive compulsive disorder. (Tr. 17). Substantial evidence supports the ALJ's determination regarding K.L.J.'s severe impairments.

For an impairment to be considered severe, Plaintiff must prove with at least some medical evidence that the impairment caused more than minimal functional limitations. *See* 20 C.F.R. § 416.924(c); *see also Neal ex. rel. Walker v. Barnhart*, 405 F.3d 685, 688 (8th Cir. 2005). In this

matter, the ALJ considered K.L.J.'s alleged obesity and found the medical evidence did not indicate more than minimal limitations on K.L.J.'s ability to function. (Tr. 17).

Even though it is clear K.L.J. was overweight, she was still active in sports and other outdoor activities. (Tr. 274-275, 311-313). This included walking long distances, riding a bicycle daily for 30 to 60 minutes, and playing baseball twice a week for one and a half hours. *Id.* On January 2, 2009, K.L.J. was seen at the University of Arkansas Family Medical Center by Dr. Stephanie Ho who indicated childhood obesity and referred K.L.J. to a dietician. (Tr. 398). On September 3, 2010 and April 15, 2011, K.L.J. was seen by Dr. Ho who assessed her as being "overweight" and prescribed diet and exercise. (Tr. 341-342, 434-436). Thus, the medical evidence of record supports the ALJ's finding that Plaintiff's claims of obesity did not cause more than minimal functional limitations.

The mere existence or diagnosis of a condition is not proof of a severe impairment. The Plaintiff must specifically prove, with medical evidence, that K.L.J.'s alleged impairment caused more than minimal limitations on her ability to function. *See* 20 C.F.R. § 416.924(c). Plaintiff has failed to raise any medical evidence proving limitations caused by obesity.

### B. Domains of Functioning

In this matter, the ALJ found that K.L.J's impairments did not functionally equal a listing because she did not have marked limitations in two or more domains. (Tr. 23-28). Plaintiff argues the ALJ erred in his determination, alleging K.L.J. had extreme limitations in the domain of interacting and relating with others and marked limitations in the domain of caring for self.

#### 1. Interacting and Relating with Others

In this domain of functioning, the SSA considers how well the claimant initiates and sustains

emotional connections with others, develops and uses the language of the claimant's community, cooperates with others, complies with the rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i).  The ALJ found K.L.J. has less than marked limitation in this domain of functioning.  (Tr. 25-26).  Plaintiff contends K.L.J. has an extreme limitation in this domain of functioning.  ECF No. 12 at 12-16.

Between March 23, 2010 and August 3, 2010, K.L.J. was seen at Vista Health Psychiatric Clinic and the examinations indicate K.L.J. had an appropriate mood and affect and was alert, cooperative, and pleasant.  (Tr. 21, 363-370, 374-383).  The record also shows K.L.J. was active, excited about making new friends, and played with kids at school.  (Tr. 372).  K.L.J. also participated in baseball, had friends in the neighborhood, got along with her third grade teacher Robyn Bates, and enjoyed reading and doing math.  (Tr. 372, 377, 382).

Additionally, Plaintiff's fourth grade teacher, Eddie Gatlin, completed a Teacher Questionnaire in September 2010 and May 2011.  (Tr. 205-212, 222-229).  In both questionnaires, Mr. Gatlin indicated K.L.J. had no problems in the domain of interacting and relating to others.  (Tr. 208-209, 225-226).

Based upon information, this Court finds the ALJ's determination that K.L.J. had a less than marked limitation in this domain of functioning is supported by substantial evidence in the record.

    **2.**    **Caring for Yourself**

In this domain of functioning, the SSA considers how well the claimant maintains a healthy emotional and physical state.  *See* 20 C.F.R. § 416.926a(k).  Factors to consider include how well the claimant gets his or her physical and emotional wants and needs met in appropriate ways, how the claimant copes with stress and changes in his or her environment, and whether the claimant takes care of his or her own health, possessions, and living area.  *Id.*  The ALJ determined K.L.J. had no

limitation in this domain of functioning. (Tr. 27-28). Plaintiff contends K.L.J. has a marked limitation in this domain of functioning. ECF No. 12 at 12-16.

To begin with, mental status examination indicated K.L.J.'s appearance was appropriate and well-groomed. (Tr. 335-338, 363-83). Additionally, K.L.J. was involved in activities such as baseball, basketball, riding a bike, taking long walks, playing with neighborhood kids, and reading. (Tr. 27, 279, 285, 287, 315, 380, 381, 386). These would all assist in maintaining a healthy emotional and physical state.

Additionally, Plaintiff's fourth grade teacher, Eddie Gatlin, completed a Teacher Questionnaire in September 2010 and May 2011. (Tr. 205-212, 222-229). In both questionnaires, Mr. Gatlin indicated K.L.J. had no problems in the domain of caring for herself. (Tr. 210, 227).

Although Plaintiff relied on reports of Dr. Richard Livingston and licensed counselor Kelly Webb, which found extreme limitations in the domain of interacting and relating to others and marked limitations in self care (Tr. 450-453); the ALJ specifically considered these assessments and declined to give their assessments controlling weight as they were not supported by any clinical or diagnostic findings and were inconsistent with the other evidence in the record. (Tr. 22-23).

Considering the ALJ's reasoning and the other findings referenced above, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue. Further, because Plaintiff has not demonstrated the ALJ erred when he found K.L.J. did not have a marked or extreme limitation in any of these domains of functioning, the Court finds Plaintiff has also not demonstrated K.L.J.'s impairments are functionally equivalent to the Listings.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff on behalf of K.L.J. is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED this 30th day of June 2014.**

                                              /s/   Barry A. Bryant  
                                              HON. BARRY A. BRYANT  
                                              U.S. MAGISTRATE JUDGE